Dougherty v. Spring Valley Coal Co., 204 Ill. App. 140.

## Abstract of the Decision.

1. INSURANCE, § 280*—*when additional fire insurance is permitted by acts of agent.* Where an insurance agent issued to a party a policy of fire insurance upon his stock of goods which provided that other insurance was not permitted, the agent knowing at the time that other insuranec was already on the goods, and the insured believing such policy permitted other insurance as he intended, and the agent retained possession of the policy for such party at his request for safe-keeping and insured did not see the policy until after the fire, *held* that the agent understood and meant by delivering such policy to permit other insurance without limitation on the amount thereof, and such policy would not be invalidated by the issuance of a subsequent policy by another company.

2. INSURANCE, § 654*—*when evidence as to additional fire insurance is immaterial.* Where additional insurance was permitted in a fire policy, *held* that it would be immaterial in an action on such policy for a loss whether other insurance was in force when the policy was issued or that other insurance was issued thereafter and canceled before the loss, and that there was no error in refusing to admit evidence as to such other insurance.

---

## Daniel L. Dougherty, Appellee, v. Spring Valley Coal Company, Appellant.

### Gen. No. 6,350.    (Not to be reported in full.)

Appeal from the City Court of Spring Valley; the Hon. W. H. HAWTHORNE, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed February 10, 1917.

### Statement of the Case.

Action by Daniel L. Dougherty, plaintiff, against Spring Valley Coal Company, defendant, to recover damages for personal injuries sustained in defendant's coal mine. From a judgment for plaintiff for $950, defendant appeals.

McDOUGALL, CHAPMAN & BAYNE, for appellant; MASTIN & SHERLOCK, of counsel.

G. F. WAGNER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. MINES AND MINERALS, § 80*—*what degree of care must be exercised by mine owner in providing safe place to work.* A mine employer is not an insurer that the place where he sets his men to work shall be absolutely safe, but he is only bound to exercise reasonable care that such place is reasonably safe.

2. MINES AND MINERALS, § 80*—*when employee may not recover for injuries due to alleged failure to provide safe place to work.* Where it was the duty of a miner employed in a mine to "brush" loose coal and rock from the roof of the room wherein he was placed to work, *held* that he could not recover from his employer for injuries sustained by a fall of coal or rock from the roof while so employed, under a declaration charging a duty upon the employer to provide a reasonably safe place and condition in which to work.

3. MINES AND MINERALS, § 176*—*when evidence insufficient to show that danger mark is necessary on roof of entry of mine.* Evidence *held* insufficient to sustain a finding that the appearance of the roof of the main entry of defendant's coal mine was such as to require under the Mining Act a danger mark there and an entry to that effect on its record, or to sustain a finding that the defendant had not used reasonable care to make that place reasonably safe for its employees, in an action to recover damages for injuries sustained by the plaintiff by rocks falling from the roof of the entry upon him.

4. TRIAL, § 133*—*when remarks of counsel are prejudicially erroneous.* Sneering questions and remarks by counsel for the plaintiff in a personal injury action as to the plaintiff being a poor person and comparing him with John D. Rockefeller, and sneering remarks as to defendant's counsel, *held* improper and prejudicial.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.